IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Josh Reed,<br><br>                           Petitioner,<br><br>v.<br><br>Warden of Perry Correctional Institution,<br><br>                           Respondent. | C/A No. 9:24-cv-5978-SAL<br><br><br>**ORDER** |

      Petitioner Josh Reed a/k/a Joshua Alexander Reed, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF Nos. 1, 6.] Respondent filed a motion for summary judgment. [ECF No. 20.] This matter is before the court for review of the Report and Recommendation ("Report") of United States Magistrate Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 29.] The magistrate judge recommends granting Respondent's motion for summary judgment and denying the petition because it is time-barred. Reed objects. [ECF No. 31.] For the reasons outlined below, the court adopts the Report and grants Respondent's motion for summary judgment.

## BACKGROUND

      The Report sets forth a more detailed history of Reed's case, which the court adopts. But a brief recitation of the timeline of Reed's state proceedings is helpful because this case turns on timeliness.

      In January 2013, a state court jury found Reed guilty of murder and possession of a weapon during a violent crime. He was sentenced to life imprisonment for the murder conviction and a

1

concurrent five-year term for the weapon offense. Reed filed an *Anders*[1] brief, which was dismissed by a state appellate court. The remittitur issued on November 13, 2015.

On November 3, 2016, Reed filed a post-conviction relief ("PCR") application. Following an evidentiary hearing in January 2018, at which Reed was represented by counsel, a state court denied the PCR application and dismissed it with prejudice. Reed appealed, filing a petition for writ of certiorari in the South Carolina Supreme Court. His petition was transferred to the South Carolina Court of Appeals, and that court heard oral argument in October 2021. In March 2022, the court issued an unpublished opinion affirming the decision of the PCR court. The State filed a petition for rehearing, which was denied in May 2022. The remittitur issued in June 2022 and was subsequently filed by the Darlington County Clerk of Court on July 5, 2022.

Reed filed a writ of habeas corpus under 28 U.S.C. § 2254 in this court by delivering his petition to the prison mailroom on October 18, 2024.[2] [ECF No. 1-2 at 1.] He subsequently filed an amended petition in November 2024. [ECF No. 6.] Respondent moves for summary judgment, arguing that the petition is untimely and, alternatively, that the claims lack merit. [ECF No. 19.]

## LEGAL STANDARDS

**I.     Review of a Magistrate Judge's Report**

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then reviews de novo only

---

[1] *Anders v. California*, 386 U.S. 738 (1967).
[2] *Houston v. Lack*, 487 U.S. 266, 270–71, 276 (1988) (discussing the prisoner mailbox rule, whereby the date of filing is the date on which a prisoner-plaintiff places a document to be filed on the docket into the prison mail system).

the portions of the Report to which a party has specifically objected. *Id.* An objection is sufficiently specific if it reasonably alerts the court to a party's true objection to the Report. *Id.* at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If instead a litigant objects only generally, the court reviews the Report for clear error and need not provide an explanation for adopting the recommendation. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* But "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009) (emphasis in original).

## II.    Review of a Motion for Summary Judgment

Summary judgment is appropriate if a moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of proving he is entitled to summary judgment by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To avoid summary judgment, the nonmoving party must then show that a material fact is genuinely disputed. In determining whether a genuine issue of material fact exists, the court must draw all justifiable inferences in favor of the nonmoving party. *See HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). "Only disputes over facts that might affect the outcome of

the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

Having reviewed the record, the briefs of the parties, and the Report, the court finds the magistrate judge correctly identified and applied the § 2254 standards. The magistrate judge recommends the court grant Respondent's motion for summary judgment because Reed's § 2254 petition was filed well past the statute of limitations and because equitable tolling does not apply. [ECF No. 29 at 14–22.] The court agrees with the magistrate judge's reasoning and adopts the Report in full.

The Antiterrorism and Effective Death Penalty Act of 1996 sets a one-year statute of limitations for the filing of habeas petitions. The so-called "clock" on this one-year statute of limitations begins to run upon the conclusion of direct review "or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] The clock stops while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). The Report thoroughly explains that, for Reed, his one-year clock began to run on January 13, 2016—ninety days after the South Carolina Court of Appeals dismissed his *Anders* appeal. [ECF No. 29 at 18.] When he filed his PCR application on November 3, 2016, the clock stopped. *Id.* at 19. The clock remained stopped, and time was tolled, while his PCR action was pending. *Id.* But, at the latest, the clock began running again on July 5, 2022, when the remittitur from his PCR appeal was filed in state court. *Id.* Reed therefore

---

[3] The statute provides for three other possible starting dates not applicable here. *See* § 2244(d)(1)(B), (C), (D).

had until September 14, 2022, to file his federal habeas petition. *Id.* He did not do so until October 18, 2024, over two years after the deadline. *Id.* at 19–20.

Reed's petition is plainly untimely. He also failed to establish a basis for equitable tolling. Reed admits he received a letter from the state appellate courts about his case in 2022. But he claims he was transferred to Mississippi a "couple months later[,]" and he stayed there for years.[4] [ECF No. 1-1 at 1.] He further claims he did not have his legal mail in Mississippi. *Id.* When he filed his petition in October 2024, Reed stated he had been back in South Carolina for six months, and he had just received his mail. *Id.* As the magistrate judge explained, even construed liberally, these statements do not establish a basis for equitable tolling as "[c]ourts within this District have consistently held that institutional transfers and delays in receiving legal materials generally do not qualify as extraordinary circumstances sufficient to warrant equitable tolling." [ECF No. 29 at 20–21.] In other words, Reed has failed to show that the untimeliness of his § 2254 petition should be excused. [ECF No. 29 at 20–22.]

In his objections, Reed states,

> Yes I did respond in time to the courts of the first address giving to me and all my argument where good and have proof to back them all up in my transcript and can you please accept this for me and give my case a shot[.] Thank you. Because I'm really fighting to prove my innocents that I am innocent and thank you for giving me the chance to prove that.

---

[4] Reed's inmate detail report, available through the South Carolina Department of Corrections' website, partly confirms these statements. The inmate detail report shows Reed was incarcerated at Lieber Correctional Institution from December 2020 to December 2022, aside from a brief transport to court. But in January 2023, he was briefly transferred to Lee Correctional Institution, and then, in March 2023, he was moved to the custody of "CoreCivic" for an "interstate transfer." South Carolina Department of Corrections, Incarcerated Inmate Search, https://public.doc.state.sc.us/scdc-public/ (search by inmate first and last name) (last accessed Feb. 6, 2026). The dates on the report differ from Reed's account. In any event, Reed's transfer to another state is insufficient to establish extraordinary circumstances beyond his control that prevented him from filing his habeas petition by September 14, 2022, as explained in the Report.

[ECF No. 31 (errors in original).] From this, it appears Reed is arguing that he timely responded to the court in this case. While that may be, Respondent argued that the one-year statute of limitations in § 2244(d) bars the court from considering the merits of Reed's case. The court agrees. The court also agrees that the magistrate judge correctly concluded that Reed's arguments do not establish a basis for equitable tolling.[5] [ECF No. 29 at 20–22.]

Additionally, to the extent Reed's objections could be read as asserting he should be permitted to advance his untimely petition based on actual innocence, he fails to make the required showing to do so. The Supreme Court has recognized actual innocence as an "equitable exception to § 2244(d)(1) . . . ." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). But the category of cases where this exception applies is "severely confined: [it is] cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also Schlup*, 513 U.S. at 324 (presenting a credible claim of actual innocence requires a petitioner "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial"). Reed has not made the requisite showing of actual innocence to overcome the time bar in this case. His objections are overruled. His petition is time-barred, and Respondent is entitled to summary judgment.

## CONCLUSION

After a de novo review of each part of the Report to which Reed specifically objected, the court hereby adopts the Report and Recommendation, ECF No. 29, as set forth above.

---

[5] To invoke the doctrine of equitable tolling, a petitioner bears the burden of establishing "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

Respondent's motion for summary judgment, ECF No. 20, is granted, and the petition, ECF Nos. 1, 6, is dismissed with prejudice.

It is further ordered that a certificate of appealability is denied because Reed has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[6]

IT IS SO ORDERED.

February 9, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[6] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the court finds that Reed has failed to make "a substantial showing of the denial of a constitutional right."